

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00313-CR

Jason Lee **SALINAS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 365th Judicial District Court, Dimmit County, Texas
Trial Court No. 14-08-02923-DCRAJA
Honorable Amado J. Abascal, III, Judge Presiding

Opinion by:     Irene Rios, Justice

Sitting:        Rebeca C. Martinez, Justice
                Irene Rios, Justice
                Beth Watkins, Justice

Delivered and Filed: February 13, 2019

AFFIRMED AS MODIFIED; MOTION TO WITHDRAW GRANTED

On July 24, 2015, Jason Lee Salinas pleaded guilty to the offense of assault family violence (strangulation), a third-degree felony, pursuant to a plea-bargain agreement. The trial court assessed punishment at seven years' imprisonment but suspended the sentence and placed Salinas on community supervision for seven years. On December 20, 2017, the State filed an amended application to revoke Salinas's community supervision. During a revocation hearing held on January 25, 2018, Salinas pled true to nine allegations he violated the terms of his community supervision. The trial court revoked Salinas's community supervision and sentenced him to seven

years' imprisonment. Salinas appealed. Because we conclude this appeal is frivolous and without merit, we affirm the judgment revoking Salinas's supervision as modified.

Salinas's court-appointed appellate counsel filed a brief with this court representing that he conducted a professional evaluation of the entire record and determined there are no arguable grounds to be advanced on Salinas's behalf. *See Anders v. California*, 386 U.S. 738, 744 (1967). In his brief, counsel refers us to parts of the record that might arguably support an appeal, but then explains why the appeal is without merit. Counsel's brief contains citations to the record and applicable law and includes legal analysis. We conclude counsel's brief meets the requirements of *Anders*. *Id*. at 744-45; *Stafford v. State*, 813 S.W.2d 503, 509-10, 510 n.3 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812-13 (Tex. Crim. App. 1978).

Counsel provided Salinas with copies of counsel's *Anders* brief and motion to withdraw and informed Salinas of his right to review the record and file his own brief. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014). Additionally, counsel provided Salinas with a copy of the appellate record. *See id*.; *Nichols v. State*, 954 S.W.2d 83, 85-86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Thereafter, we set deadlines for Salinas to file any *pro se* brief. Salinas did not file a *pro se* brief.

In an *Anders* appeal, we have the authority to modify the trial court's judgment and affirm the judgment as modified. *Bray v. State*, 179 S.W.3d 725, 729-30 (Tex. App.—Fort Worth 2005, no pet.). Here, the original judgment placing Salinas on community supervision assessed court costs against Salinas in the amount of $340.00. The judgment revoking Salinas's community supervision also assessed court costs against Salinas in the amount of $340.00. However, at the revocation hearing, the undisputed evidence showed that Salinas paid the court costs in this case when he was placed on community supervision. At our request, the trial court clerk filed a

supplemental clerk's record containing a bill of costs. The bill of costs states that the only court costs in this case are $45.00 for the preparation of the clerk's record in this appeal.[1] Because the record contains no evidence to support the assessment of court costs in the judgment revoking Salinas's community supervision, we modify the judgment to delete the assessment of $340 in court costs and to assess no court costs. *See id.*

After reviewing the record and counsel's *Anders* brief we conclude this appeal is frivolous and without merit. We affirm the trial court's judgment as modified, and grant counsel's motion to withdraw.[2] *See Bray*, 179 S.W.3d at 729-30; *Nichols*, 954 S.W.2d at 86; *Bruns*, 924 S.W.2d at 177 n.1.

Irene Rios, Justice

Do not publish

---

[1]We are unaware of any statutory or other authority to support the assessment of $45.00 for the preparation of the clerk's record as a court cost. *See* TEX. R. APP. P. 35.3(a) (providing that the trial court clerk is responsible for preparing, certifying, and timely filing the clerk's record if the party responsible for paying for the clerk's record has paid the clerk's fee, has made satisfactory arrangements to pay the clerk's fee, or is entitled to appeal without paying the fee); *Lawler v. State*, No. 12-12-00276-CR, 2013 WL 3967162, at *4 (Tex. App.—Tyler July 31, 2013, no pet.) (not designated for publication) (recognizing that Rule 35.3 of the Texas Rules of Appellate Procedure makes no provision for assessment of the preparation of the clerk's record as a court cost). Here, the record demonstrates that Salinas was indigent and was entitled to appeal without paying the fee for the preparation of the clerk's record. Therefore, we order the trial court clerk to prepare and file an amended bill of costs that deletes the assessment of $45.00 for the preparation of the clerk's record in this appeal. *See Rosales-Ayala v. State*, No. 04-15-00225-CR, 2016 WL 527405, at *2 (Tex. App.—San Antonio Feb. 10, 2016, no pet.) (ordering the trial court clerk to delete erroneously assessed costs from the bill of costs and to prepare a corrected bill of costs).

[2]No substitute counsel will be appointed. Should Salinas wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the later of (1) the date of this opinion; or (2) the date the last timely motion for rehearing is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed in the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.